UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62598-CIV-SINGHAL

**IRAHETA MORALES, Rafael Antonio**,

    Petitioner,

        v.

**KRISTI NOEM**, Secretary of the United States Department of Homeland Security, in her official capacity, *et al.*,

    Respondents.
_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Rafael Antonio Iraheta Morales' Expedited Motion for Stay of Removal and/or Injunction Pending Appeal (the "**Motion**"). (DE [12]).  The Court, having reviewed the Motion, Respondents' response in opposition (DE [17]), Petitioner's reply[1] (DE [18]), the record, and otherwise being fully advised, **DENIES** the Motion.

    Petitioner is an immigrant who has lived in the United States for more than two decades, is married to a U.S. citizen, has two U.S. citizen children, co-owns a business in the United States, and maintains a spotless criminal record.  *See* (DE [1] at 39, 53–56, 58–77).  Nevertheless, the government seeks to remove him from the United States. Accordingly, the government detains Petitioner pursuant to section 1225(b)(2) pending conclusion of his removal proceedings.  In a recent petition for writ of habeas corpus,

---

[1] Because Petitioner demonstrated good cause, Petitioner's motion for leave to file a reply (DE [18]) is **GRANTED**.

Petitioner argued he is not subject to mandatory detention under section 1225 but instead entitled to a bond hearing pursuant to section 1226(a). *See* (DE [1]). Petitioner sought immediate release from detention, a bond hearing, and an injunction prohibiting his removal from the Southern District of Florida to preserve this Court's jurisdiction. *See generally* (DE [1]). He did not otherwise seek an order staying his removal proceedings or enjoining his removal pursuant to final order of removal. *See generally* (DE [1]).

While sympathetic to Petitioner's plight, this Court—constrained by the law and its oath to uphold same—denied the Petition (the "**Order**"). *See* (DE [10]). Having appealed the Order, Petitioner now moves for the following relief pending appeal: **(1)** a stay of removal and/or an injunction prohibiting the government from removing him from the United States pending appeal, and **(2)** an order confirming this Court's prior order enjoining his removal from the Southern District of Florida remains in effect (the "**Injunction**"). (DE [12] at 7). The government counters that 8 U.S.C. Section 1252(g) strips this Court of jurisdiction to enter such an order because it would impede the government's execution of a final order of removal. *See generally* (DE [17]). Petitioner replies that section 1252(g) is inapplicable because he does not challenge the legality or sufficiency of any removal order, but instead seeks only to delay his removal from the United States to preserve the appellate court's jurisdiction. *See* (DE [18] at 3). For the reasons below, this Court must deny Petitioner's Motion.[2]

Because courts "must address . . . jurisdictional issues . . . [before] reach[ing] the merits," the Court first determines whether the Court has jurisdiction to grant the requested relief. *See Sweet v. Chief J. of Fla. S. Ct.*, 2025 WL 915740, at *2 (11th Cir.

---

[2] Denial notwithstanding, the Court commends Petitioner's counsel for their excellent work in quickly filing a reply and incorporated motion for leave to file same.

Mar. 26. 2025) (quoting *In re Engle Cases*, 767 F.3d 1082, 1108 n.30 (11th Cir. 2014)). Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including . . . any . . . habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter.

Section 1252(g) must be read "narrow[ly]," *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999), and "bars only those claims that directly relate to the '. . . specific actions' it lists," *Camarena v. Director, Immigr. and Customs Enforcement*, 988 F.3d 1268, 1273 (11th Cir. 2021) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)). To determine whether a cause or claim directly relates to one of section 1252(g)'s specific actions, "courts must focus on the action being challenged." *Camerena*, 988 F.3d at 1272 (quoting *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.,* 964 F.3d 1250, 1257–58 (11th Cir. 2020)). When "that action is the government's execution of . . . removal orders," the cause "fall[s] squarely within § 1252(g)'s jurisdictional bar." *Camarena*, 988 F.3d at 1272. Notwithstanding section 1252(g), an **appellate** court may stay a removal order pending review of the removal order itself. See *Nken v. Holder*, 556 U.S. 418 (2009)[3]; *see also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . .").

---

[3] Petitioner cites *Nken* for the freestanding proposition that courts may stay removal orders pending appellate review. Not so. In *Nken*, the Supreme Court stayed a removal order pending review of the removal order itself, not a collateral order entered during removal proceedings. *See Nken*, 566 U.S. at 422–23. *Nken* provides little support for the proposition that a district court can preemptively stay a yet-to-exist removal order—the merits of which it cannot even begin to assess—pending appeal to determine whether the immigrant was entitled to bond during the pendency of his removal proceedings.

Petitioner seeks to avoid section 1252(g)'s application by arguing that he does not (1) "challeng[e] the Government's authority to remove him; (2) challeng[e] any existing or future removal order, or (3) ask[] this Court to adjudicate the merits of his removal proceedings."  *See* (DE [18] at 3).  Instead, he seeks only to "delay[] execution" of a removal order, should one be entered against him.  *Id.*  But that is precisely the kind of relief section 1252(g) prohibits this Court from dispensing.  *See* § 1252(g) ("[N]o court shall have jurisdiction to hear **any cause** or claim . . . arising from the **decision or action** by the Attorney General to . . . **execute** removal orders against any alien under this chapter."); *see also Camarena*, 988 F.3d at 1272 (holding section 1252(g) stripped district court's jurisdiction to stay removal order pending processing of aliens' collateral proceedings).  It is of no consequence that the government has not yet entered a removal order against Petitioner.  As this Court would be powerless to enjoin a decision or action to execute an existing removal order, it also cannot prospectively enjoin same in anticipation of its future existence.  Constrained by section 1252(g), this Court is powerless to grant the requested relief.

Finally, the Court clarifies that the Injunction (DE [9]) dissolved when this Court denied the Petition (DE [10]) and declines to revive same.  The Court entered the Injunction on Petitioner's representation that it was necessary to preserve this Court's jurisdiction and the government's apparent agreement and acquiescence to same during the January 15 hearing.  But nothing in the Injunction suggested that it continued in perpetuity or was intended to preserve the appellate court's jurisdiction, which had not then been invoked. In fact, the Injunction strongly suggests the opposite.  *See* (DE [9] (the Injunction was "entered to preserve **this Court's** jurisdiction over the pending habeas

4

corpus proceedings" and would terminate upon "further order of this Court") (emphasis added)).  The order denying the Petition rendered the Injunction purposeless and thus constituted a "further order of this Court" that terminated same.

Moreover, for the reasons explained above, the Court would exceed its jurisdiction if it enjoined the Attorney General from deciding or acting to execute a final removal order against Petitioner.  *See* § 1252(g).  Accordingly, the Court is powerless to revive the Injunction to achieve that end.  Furthermore, subsequent research revealed that an injunction prohibiting Petitioner's transfer outside the Southern District or the Eleventh Circuit (but still within the United States) would not destroy habeas jurisdiction.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (citing *Ex parte Endo*, 323 U.S. 283 (1944))).  Thus, not only does this Court lack jurisdiction to stay or enjoin Petitioner's removal, but also Petitioner has proffered no compelling reason to otherwise enjoin his transfer within the United States.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's motion for leave to file a reply in support of the Motion is **GRANTED**; the Motion is otherwise **DENIED** in all respects and, for the avoidance of doubt, the Injunction (DE [9]) is **DISSOLVED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of February 2026.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE